UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASIMIR GRIFFIN,

               Plaintiff,

         -against-

ORANGE COUNTY COURTHOUSE
ENTIRELY; ORANGE COUNTY STAFF;
ORANGE COUNTY JAIL MEDICAL; ALL
KNOWN AND UNKNOWN 1-150; ORANGE
COUNTY JAIL; ORANGE COUNTY
PROBATION DEPARTMENT; MONTEFIORE
ST. LUKE'S CORNWALL; RESTORATIVE
MANAGEMENT,

               Defendants.

25-CV-6303 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Orange County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Named as Defendants in this complaint, which is dated July 15, 2025, are: (1) the Orange County Courthouse; (2) Orange County Staff; (3) the Orange County Jail ("OCJ") Medical Department; (4) "All Known And Unknown 1-150"; (5) OCJ; (6) the Orange County Probation Department; (7) Montefiore St. Luke's Cornwall; and (8) Restorative Management. Plaintiff alleges that the events giving rise to this complaint occurred in "2000, 2001, 2010, 2019, 2021, 2025." (ECF 1 at 5.) The following facts are drawn from the complaint.[2]

Plaintiff alleges he is a "Cape Verdean King of Kings," and "IFA/Santaria." (ECF 1 at 5-6.) In April 2025, Plaintiff submitted an order to show cause to a state court judge and, as a result, the state courts and the Probation Department "place[d] him on a[n] illegal remand." (*Id.* at 7-8.) Plaintiff further claims that state court judges and OCJ officials have "target[ed]" him, "tak[en] [his] blood from medical," stuck him with "toxic" and "diseased" needles, and "us[ed] witchcraft, voodoo, folklore, etc." against him. (*Id.* at 5-6.) He also states that OCJ Sergeant Jones, who is not named as a defendant, "wants [him] dead," that she tried to "frame" him "many" times, and that she "used" local law enforcement to "manipulate a situation" to "get [him] back inside" OCJ. (*Id.*)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

According to Plaintiff, he has a "monighied condition," a type of anemia that requires him to take cocaine, and that if he does not get cocaine, he experiences dizziness, light-headedness, shortness of breath, and muscle tension, and his body feels like it's on fire and he feels like he is going to suffocate. (*Id.* ) Plaintiff claims that he is being denied cocaine for "vind[i]ctive reasons," that his detention is an illegal remand "from a declaration of delinquency for a 730 examination to be conducted," and that he has no "mental health history." (*Id.*) Attached to the complaint are medical records, and a document from 2025 stating that Petitioner was scheduled to undergo an examination pursuant to Article 730 of the Criminal Procedure Law. (*Id.* at 11-16.)

Plaintiff claims that, in 2001, the OCJ Medical Department "used" him and others to bring cocaine in "to treat people with 'monighied conditions.'" (*Id.*) After medical staff fatally poisoned several detainees, there was an investigation into" 114 kilos of cocaine that was "ordered for medical purposes" in Plaintiff's name. (*Id.* at 7.) OCJ staff members were allegedly "caught" smuggling cocaine out of the facility, and a "drug ring" that had been operating inside OCJ was "busted." (*Id.*)

Plaintiff also alleges that, after his mother told him on the telephone that she would send him $165 million, correction officers took his personal property and placed a chemical called Technetium-99, which is used to treat cancer patients, in his system to "monitor [his] every action and all that [he] observe[s]." (*Id.* at 8.) He claims that the chemical is now being used by "cults" and the "Montenetta" (*Id.*)

Plaintiff states that he is being unlawfully deprived of his liberty, and he seeks to be immediately released and to receive $350 million in damages. (*Id.* at 8-10.)

**DISCUSSION**

**A.    Claims against Orange County entities and Orange County**

The claims against the Orange County Jail, the Orange County Courthouse, and the Orange County Probation Department must be dismissed because those defendants are entities that do not have the capacity to be sued. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located and none of the above entities is suable under New York law. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). *Pearson v. O.C.J. of Goshen, N.Y.*, No. 7:24-CV-8254, 2025 WL 370965, at *3 (S.D.N.Y. Feb. 3, 2025) (Orange County Sheriff's Office is not a suable entity); *Murphy v. Rockland Cnty.*, 25-CV-1950 (LLS), 2025 WL 2689039, at *10 (S.D.N.Y., Sept. 18, 2025) (citing *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 433 (S.D.N.Y. 2016) (Town of Warwick Police Department is not a suable entity), *appeal dismissed*, No. 16-794 (2d Cir. 2016). Accordingly, the Court dismisses Plaintiff's claims against the Orange County entities for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Because it may be Plaintiff's intention to sue the proper defendant, Orange County, the Court construes the complaint as asserting claims against Orange County.  When, however, a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of

4

rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). To state such a claim, a plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*[3]

Here, Plaintiff alleges no facts suggesting that a policy, custom, or practice of Orange County caused a violation of his constitutional rights. Accordingly, the Court dismisses any *Monell* claim Plaintiff is asserting for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging facts showing one or more of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

**B.      Claims against the other named Defendants**

Plaintiff appears to asserts that other defendants violated his constitutional rights during his incarceration at the Orange County Jail. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Additionally, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege facts explaining what employees of the Orange County Probation Department, the Orange County Jail, Montefiore St. Luke's Cornwall, and Restorative Management did or failed to do that violated his rights. The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, to provide any available facts supporting plausible claims against these individuals.

6

**C.    Plaintiff asserts claims that are frivolous**

Plaintiff claims to have a medical condition requiring that he be given cocaine and asserts that Defendants and others took his blood, stuck him with dirty needles, and used "witchcraft," "voodoo," and "folklore," against him. (ECF 1 at 5-6.) Plaintiff provides no factual basis for these assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief"). A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). In the absence of such facts and in light of the nature of the allegations, the Court holds that Plaintiff's assertions are irrational, *see Livingston*, 141 F.3d at 437, and dismisses them as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that the district court did not err in *sua sponte* dismissing claims as frivolous where allegations were fantastical). *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.    Plaintiff asserts claims that are untimely filed**

The majority of Plaintiff's claims appear to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges that the events giving rise to this complaint occurred between 2000 and 2025. Plaintiff signed his complaint on July 15, 2025. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule, under which the date a prisoner signs a court submission is deemed the filing date). Under the applicable three-year statute of limitations period, any claims based on events occurring before July 15, 2022, are likely untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

In addition, New York law provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant). Plaintiff does not provide any facts showing that the statute of limitations should be equitably tolled in this case.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

All of Plaintiff's claims, except for the claims that arose in 2025, appear to be time-barred. The Court grants Plaintiff leave to amend his complaint to plead facts showing that the statute of limitations should be equitably tolled with respect to any *plausible*, *non-frivolous* claims accruing before July 15, 2022.[4]

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint, should he wish to do so, if he can allege plausible facts against the named Defendants suggesting that they violated his federally protected rights. *Cf. Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing *pro se* litigant that, "before filing any lawsuit, [he] must make a good faith investigation into whether [he] has a nonfrivolous legal claim").

---

[4] Plaintiff should not reallege claims that the Court has dismissed: (1) against the Orange County entities; (2) as frivolous; and (3) as time-barred, unless he can show that there is a basis for equitably tolling the limitations period.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 8, 2026
         New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes    □ No

(check one)

___ **Civ.** _____ (    )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
              ID#_____
              Current Institution_____
              Address_____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

*Rev. 01/2010*                     1

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.      Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

**What happened to you?**

_____

_____

_____

*Rev. 01/2010*                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

_Rev. 01/2010_                                    3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.        Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____     No _____     Do Not Know _____

C.        Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____     No _____     Do Not Know _____

If YES, which claim(s)?
_____

D.        Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____     No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____     No _____

E.        If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.        Which claim(s) in this complaint did you grieve?
_____

_____

2.        What was the result, if any?
_____

_____

3.        What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.        If you did not file a grievance:

1.        If there are any reasons why you did not file a grievance, state them here:
_____
_____

_____

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

_____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                                5

_____

_____

_____

**VI.    Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                           6

**On these claims**

**On other claims**

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address         _____

                            _____

                            _____

                            _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

*Rev. 01/2010*                                    7